**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. 2:25-CR-136** |
| | ) | |
| **BRIAN BACKUES,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**<u>POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING FACTORS</u>**

The United States of America, through its attorney, Matthew J. Heck, Assistant United States Attorney, offers this position paper regarding the sentencing factors stated in 18 U.S.C. §3553(a). According to the PSR, the defendant's offense level is 42 with a criminal history category of V resulting in an advisory calculation range under the United States Sentencing Guidelines (U.S.S.G., or "Guidelines) range of 360 months to life and up to a lifetime of supervised release. The presentence report is correctly calculated. In considering the 3553(a) factors the Government is requesting that the Court sentence the defendant to 720 months incarceration coupled with lifetime of supervised release.

The defendant is a previously convicted sex offender who groomed, manipulated, and sexually abused an 11-year-old girl. The defendant is a dangerous sexual predator who committed these crimes while under the supervision of the Commonwealth of Virginia. Not only has he demonstrated that he has been undeterred by his prior convictions, but also that the safeguards of government supervision and assistance of sex offender treatment are insufficient to protect children from the defendant's predatory behavior. Therefore, a sentence of 60 years coupled with a lifetime of supervised release is sufficient, but not greater than necessary.

**I. Factual Background**

In September of 2025, the Federal Bureau of Investigation (FBI) Norfolk received information from FBI Milwaukee that the defendant was engaging in sexually explicit conversation with a minor (hereinafter "MV1"). PSR ¶ 6. As part of the investigation, FBI Milwaukee provided FBI Norfolk with a forensic extraction of MV1's cellular telephone. PSR ¶ 6.

A review of MV1's cellular telephone revealed that the defendant communicated with MV1 from three different telephone numbers. PSR ¶ 7. This was part of the defendant's modus operandi. In January of 2020, when speaking with a Norfolk undercover officer posing as a 14-year-old girl the defendant told her that he was scared talking to her and changed his number as a result. Government Exhibits 500 and 501.[1]

During the course of their conversation the defendant's communications with MV1 became increasingly sexual. PSR ¶ 8. Ultimately, he caused MV1 to produce a video of herself touching her vagina. PSR ¶ 10. The defendant responded by sending MV1 videos of him masturbating in his bedroom. PSR ¶ 10. His conduct did not stop there; he continued to ask MV1 to send videos of herself masturbating on two other occasions. Government Exhibit 101 at 585-587; Government Exhibit 102 at 33-37. While there is no evidence that the defendant ever travelled to Maryland to visit MV1, he did tell her, "btw I'm coming to Maryland this summer." Government Exhibit 101 at 395.

The defendant was previously convicted of proposing a sex act to a minor under the age of 15 and possession of child pornography. PSR ¶ 69. During that case the defendant told a

[1] The Government Exhibits referenced herein were previously admitted at trial.

Norfolk undercover officer, "Yea. I mean me talking to a me being forty years old and a good-looking white guy talking to a fourteen-year-old girl uh yea I kind of it fucking physically attractive shit yea call the police motherfucker" and "who the fuck a grown ass man don't wanna motherfucking sexualize a goddamn beat the fuck out of four fourteen-year ass girl ugh." Government Exhibits 502 and 503.

**II. Procedural Background**

The defendant was arrested on a criminal complaint on October 29, 2025, charging him with the production of a visual depiction of a minor engaging in sexually explicit conduct, in violation of 18 U.S.C. 2251(a), the coercion and enticement of a minor, in violation of 18 U.S.C. 2422(b), and possession of images depicting minors engaging in sexually explicit conduct, in violation of 18 U.S.C. 2252(a)(4)(B). ECF No. 1. That same day the defendant made his initial appearance in the Norfolk Division of the Eastern District of Virginia. ECF No. 7. The defendant was temporarily detained, and a preliminary hearing and detention hearing was set for November 3, 2025. *Id*. On November 3, 2025, a preliminary hearing and detention hearing were held. ECF No. 12. The court found probable cause and detained the defendant. *Id*.

On June 10, 2025, this court presided over a bench trial in this matter. ECF No. 10. After hearing the evidence in this case, the court found the defendant guilty of Counts One, Two, Three, and Five, and not guilty of Count Four. *Id*.

**III. The Statutory Sentencing Factors**

A. Nature and Circumstances of the Offense (18 U.S.C. § 3553(a)(1))

The nature and circumstances of the offense are extremely serious. The defendant groomed and sexually exploited MV1, an 11-year-old girl. The defendant slowly groomed MV1

initially asking for pictures of MV1 with her shirt and bra off and then escalating his conduct. PSR ¶ 8. In their conversations he asked MV1 if she would be his girlfriend and told her that she "beautiful" all in an effort to exploit her. Government Exhibit 101 at 109, 328, 395, 407. Ultimately, he caused MV1 to produce a pornographic video of herself. The defendant did not care that MV1 was a scared 11-year-old girl, he wanted a video of her for his own sexual gratification. PSR ¶ 9. After MV1 produced this video for him he asked on two other occasions to do the same. It was of no matter to the defendant whether her brother or Grandma were outside the room. Government Exhibit 101 at 555 and 587. The defendant preyed on MV1 to fulfill his own sexual desires, and without regard for how his conduct would impact her.

MV1 was the only minor victim that law enforcement confirmed the defendant was speaking with; however, a forensic review of his cellular telephone revealed that he frequented websites where he could meet minors. For example, he visited sites such as chathour.com/chatroom/horney_teens13-16 and teen-chat.org. Government Exhibit 409. From July of 2025 through October of 2025 the defendant visited teen-chat.org 590 times. *Id.* Law enforcement also recovered Telegram messages from the defendant's phone where he sought "young" and "rare" videos.

The defendant sought to sexually exploit children in a variety of ways for an extended period of time. His conduct is extremely serious and warrants a sentence of 60 years.

B. The History and Characteristics of the Defendant and the Need to Protect the Public

The defendant is 47 years old, and his criminal history is filled with various convictions beginning at age 21 and continuing through the instant offense. PSR ¶ 59-70. His criminal history reveals that for almost his entire adult life he has had no regard for the law. Most

importantly his criminal history includes a conviction in 2020 for the possession of child pornography and proposing a sex act to a minor for which he received a 3-year sentence. PSR ¶ 69.

The defendant was released from that period of incarceration in August of 2022 upon which he began a period of probation. During his probation the defendant had "multiple absences" from his sex offender treatment program and failed to "to follow the probation officer's instructions, be truthful and report as directed; and not purchase, consume, or possess alcohol." PSR ¶ 69. For these violations his probation was revoked. PSR ¶ 69. Probation violations are not new to the defendant, while on probation for previous criminal convictions the defendant violated the conditions of his probation four other times. PSR ¶ 62.

His sexual interest in children is palpable. The defendant's recorded calls with the Norfolk undercover officer are disturbing. Rarely does this court see such an honest expression of a defendant's sexual interest in children.

Most concerning to the government is that the defendant recidivated while enrolled in sex offender treatment and on supervised probation. His disregard for the law, the rules of supervision, and his sex offender treatment makes him a threat to children in the community. Unfortunately, the defendant has demonstrated that the only way to protect children from his predatory behavior is a lengthy period of incarceration.

## V. CONCLUSION

For the reasons stated above, the government asks the Court to impose a sentence of 60 years in prison coupled with a lifetime of supervised release.

Respectfully submitted,

Todd W. Blanche
Attorney General

Theophani K. Stamos
First Assistant United States Attorney

By: /s/

Matthew J. Heck
Assistant United States Attorney
New York State Bar No. 5313341
United States Attorney's Office
World Trade Center, Suite 8000
101 W. Main Street
Norfolk, Virginia 23510
Office Number - 757-441-3221
E-Mail Address – matthew.heck@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 2nd day of October 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

S. Mario Lorello
6663 Stoney Point South
Norfolk, Virginia 23502
(757) 466-0750

I further certify that on this 2nd day of October 2026, I caused a true and correct copy of the foregoing Position of the United States with Respect to Sentencing Factors to be e-mailed to the following:

Nicole Pender
United States Probation Officer
600 Granby Street
Suite 200
Norfolk, Virginia 23510
(757) 222-7308

**/s/**

Matthew J. Heck
Assistant United States Attorney
New York State Bar No. 5313341
United States Attorney's Office
World Trade Center, Suite 8000
101 W. Main Street
Norfolk, Virginia 23510
Office Number - 757-441-3221
E-Mail Address – matthew.heck@usdoj.gov